UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE )
OFFICER OF THE CENTRAL PENSION FUND )
OF THE INTERNATIONAL UNION OF OPERATING )
ENGINEERS AND PARTICIPATING EMPLOYERS )
4115 Chesapeake Street, N.W. )
Washington, D.C. 20016, )
)
                               Plaintiff, )
)
                               v. )
)
MELCO, INCORPORATED )
2487 River Reach Drive )
Naples, Florida 34104, )
)
    Serve: Registered Agent )
    Larry Newman )
    2487 River Reach Drive )
    Naples, Florida 34104 )
)
                               Defendant. )

## COMPLAINT

(TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE BENEFIT FUND)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

## PARTIES

1. Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). The Central Pension

Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff, Michael R. Fanning, C.E.O. of the Central Pension Fund, is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. Defendant Melco, Incorporated is a Florida corporation with an office located at 2487 River Reach Drive, Naples, Florida, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

### JURISDICTION AND VENUE

3. This is an action to collect contributions due to an employee benefit plan under the terms of a collective bargaining agreement and trust agreement. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. Defendant Melco, Incorporated has been bound at all relevant times signed to and bound by a Collective Bargaining Agreement and Participating Agreements with International Union of Operating Engineers Local Union No. 99 that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant at the Southern Maryland District Courthouse in Greenbelt, Maryland, and the Bureau of Alcohol, Tobacco, Firearms & Explosives in Washington, D.C.

7. Pursuant to the Agreements the Defendant agreed to pay certain sums of money to the Central Pension Fund for certain hours paid to employees of the Defendant performing work covered by the Agreements.

8. During the months of May 2015 to February 2016 the Defendant employed employees performing work covered by the Agreements.

9. During the months of May 2015 to February 2016 the Defendant failed to pay all contributions owing to the Central Pension Fund.

10. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

11. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum.

12. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUND)

13. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14. During the months of May 2015 through February 2016 the Defendant failed to report and pay all contributions owing to the Central Pension Fund under the Agreements for work performed at the Bureau of Alcohol, Tobacco, Firearms & Explosives worksite.

15. During the months of August 2015 to February 2016 the Defendant failed to report and pay all contributions owing to the Central Pension Fund under the Agreements for work performed at the Southern Maryland District Courthouse worksite.

16. By virtue of the failure to report and pay all amounts as contractually required, the Defendant is in contravention of the Agreements and the obligations under the Central Pension Fund's Restated Agreement and Declaration of Trust, and Section 515 of ERISA.

17. The Defendant has failed to pay liquidated damages and interest for late and unpaid contributions owed to the Central Pension Fund.

18. The Central Pension Fund is entitled to judgment for all contributions owed, plus all unpaid liquidated damages and interest owed on late and unpaid contributions, plus attorneys' fees, and costs against the Defendant.

WHEREFORE, Plaintiff prays judgment against the Defendant as follows:

A.  For unpaid contributions due and owing to the Plaintiff for work performed during the months of May 2015 through February 2016.

B.  For an Order requiring the Defendant to submit all required reports for work performed during the months of May 2015 through February 2016.

C.  For liquidated damages and interest for any late and unpaid contributions owed as provided for in the Central Pension Fund's Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2).

D.  For costs and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2) and the Central Pension Fund's Restated Agreement and Declaration of Trust up to the date of judgment.

E.  Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: March 15, 2016

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 362-0041
Facsimile: (202) 327-1200
rhopp@odonoghuelaw.com

By: _____
R. Richard Hopp (Bar No. 432221)

*Attorney for the Plaintiff*